(July 9, 1914.)

SCHOOL DISTRICT No. 15, in Blaine County, Appellant, v. BLAINE COUNTY, a Municipal Corporation, Respondent.

[142 Pac. 41.]

SCHOOL DISTRICTS — ORGANIZATION OF — COUNTY SUPERINTENDENT — POWERS OF—COUNTY COMMISSIONERS—POWERS OF—APPORTIONMENT OF EXISTING INDEBTEDNESS.

1. The duty of the county superintendent to apportion the indebtedness of an organized school district between a new district formed out of the old district and the remaining area thereof should be exercised only after the necessary legal steps leading to the creation of such new district have been taken, and such apportionment is not a necessary prerequisite or jurisdictional act in the formation of such district.

2. Where all proceedings for the purpose of dividing a school district and establishing a new district out of portions of an old one are regular and favorable to such creation up to and including the action of the county commissioners, the failure of the county superintendent thereafter to apportion the bonded indebtedness of the old district between the remaining portion thereof and the new district would not defeat or invalidate the creation of such new district, even though it were the duty of the county superintendent to take such action, which latter question is not decided.

APPEAL from the District Court of the Fourth Judicial District for the County of Blaine.    Hon. C. O. Stockslager, Judge.

Proceedings to reverse the judgment of the district court affirming the order of the board of county commissioners creating School District No. 61. .*Affirmed.*

J. W. Edgerton and Sullivan, Sullivan & Baker, for Appellant.

Sec. 51, chap. 159, 1911 Sess. Laws, the act of the board of county commissioners, the act of the district court in affirming the action of the board, and the refusal of the county superintendent of public instruction under the provisions of said section to apportion the bonded indebtedness, impair the obligation of the contract of the bond, and bring it within the prohibition of sec. 10, of art. 1 of the constitution of the United States.    It reduces the amount of land solemnly pledged for the payment of the bonds, and exempts from taxation, for the purpose of paying interest and principal, eight sections of land, which, under the law in force at the time the bonds were issued, were liable for their proportion of the bonded indebtedness.    (Black on Constitutional Law, 723; 8 Cyc. 951; 35 Cyc. 973; *Callaway v. Denver & R. G. R. Co.,* 6 Colo. App. 284, 40 Pac. 573.)

McFadden & Brodhead, for Respondent.

There is nothing whatever in the law as it existed at the time of the bond issue or at this time showing that the apportionment of the debt was a "condition precedent to the creation of a new district."    The county superintendent had nothing whatever to do with the apportionment until after the board had acted.

The duties imposed upon officers to be performed after the election or creation of the district were directory and ministerial, and a failure on the part of the officers to perform such a duty did not affect the validity of the school

district. (*Pickett v. Board of Commissioners,* 24 Ida. 200, 133 Pac. 112.)

DAVIS, District Judge.—In this action School District No. 15, in Blaine county, has appealed from an order of the district court of the fourth judicial district confirming the action of the county commissioners of Blaine county, in creating a new district designated as District No. 61 out of the area of said former District No. 15, without first requiring the bonded indebtedness of such old district to be apportioned by the county superintendent between the remaining area of such old district and the new district.

It is stipulated that the old organized District No. 15 had created a bonded indebtedness of $4,500, and that at the time the commissioners ordered the creation of District No. 61 there was only $700 available for the payment of said bonded indebtedness, and that the commissioners did not require the county superintendent to apportion said debt as a condition precedent to the creation of said new district, and that she did not do so at any time.

The appellant claims that the county superintendent should have been required to apportion said indebtedness before the order creating said new district had been entered by the commissioners or affirmed by the court as a part of the necessary proceedings leading up to the creation of such district, and that in case she failed to make such apportionment before said order was entered or confirmed, that she should have done so immediately afterward, and that her failure to make such apportionment would render invalid and void the attempt to create such district, and that therefore the judgment of the district court should be reversed and the order of the commissioners of Blaine county creating said new District No. 61 should be set aside and declared of no effect.

The appellant has cited authorities and has argued earnestly that the law should be interpreted so as to require the county superintendent to apportion the bonded indebtedness between such districts, and that by reason of her failure to do so, the attempt to create said new district was invalid and void.

But the first question that should be considered is as to what acts are necessary to the creation of a new school district out of portions of an old one, and whether or not the apportionment of indebtedness is one of them.

The law relative to the creation of new school districts in force at the time the order appealed from was entered reads as follows (Sess. L. 1913, p. 462):

"Sec. 47 (a). The Board of County Commissioners may, at any regular meeting of said board, create new districts, or change the boundaries of existing districts, or attach to one or more districts the territory of any district which shall have lapsed for any reason. All proceedings under this section shall be commenced by petition, which must be filed in the office of the County Superintendent at least twenty (20) days preceding the meeting of the Board of Commissioners at which it is to be presented. All petitions, either for the formation of a new district or any other change of boundaries, shall set forth in general terms the proposed changes and shall be accompanied by, and refer to, a map showing all existing boundaries of districts affected and all proposed new boundaries which will be established by the granting of such petition.

"(b) A petition for a new district, whether to be created from unorganized territory or in part from territory embraced within the boundaries of one (1) or more school districts or independent school districts shall be sufficient if signed by the parents or guardians of fifteen (15) or more children of school age who are residents of the proposed new district, and no further signers shall be required. In all other cases, excepting a proposed union of contiguous districts,—proposing a change of boundaries of any district, the petition therefor must be signed by at least two thirds ($\frac{2}{3}$) of those who are heads of families and residents of each of the districts whose boundaries will be affected by the change. No such change of boundaries or organization of a new district shall take effect until the opening of the next school year."

It is evident that the law referred to does not require apportionment of a debt as a condition or preliminary to the creation of such a new district, and it is difficult to understand how the old indebtedness could effectively be apportioned before the new district has been formed. It is more reasonable to hold that the power and duty to create new school districts is vested in the county commissioners after certain preliminary steps required by law have been taken, and that the duty of the county superintendent to apportion the indebtedness of an organized school district between the remaining area thereof and a new district formed out of the old district should be exercised only after the creation of such new district by the county commissioners, and that such apportionment is not a necessary preliminary or jurisdictional act in the formation of such new district.

And where a district is thus created and all proceedings are regular, the failure of the county superintendent thereafter to apportion the bonded indebtedness of the old district between such new districts would not defeat or invalidate the creation of such districts, even though it be assumed that the superintendent should take such action. But since the nature of this proceeding is to test the legality of the creation of School District No. 61, it is not necessary in this opinion to interpret the law governing the duty of the school superintendent relative to the apportionment of bonded indebtedness after the creation of such new district.

It appears that the order appealed from was a legal exercise of authority, and is valid in every way, and the judgment of the district court is therefore affirmed. Costs awarded in favor of respondent.

Ailshie, C. J., concurs.

Sullivan, J., sat at the hearing but took no part in the decision.